NOT FOR PUBLICATION                                             (Doc. Nos. 10, 12, 31, 38, 41, 62 )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| FREEMAN ERICK DAVID, | : |
| Plaintiff, | : Civil No. 12-969 (RBK/KMW) |
| v. | : **OPINION** |
| DON MILLER, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Plaintiff Freeman Erick David ("Plaintiff") brings suit against more than twenty defendants alleging, among other things, that these persons deprived him of his civil rights under color of law in violation of criminal statute 18 U.S.C. § 242 (2006). Currently before the Court are motions to dismiss filed by ten Defendants (Doc. Nos. 10, 12, 31, 41, and 62) and one motion for summary judgment filed by Defendant Michael Legatie[1] (Doc. No. 38). For the reasons stated below, all of Defendants' motions will be granted.

## I.    FACTS AND PROCEDURAL HISTORY[2]

Plaintiff was arrested on March 23, 2011 by police officers Defendants Gibison, Wariwanchik, and Efelis. Amended Compl. ¶ 6. He was incarcerated at the Salem County Correctional Facility in Woodstown, NJ from March 23 until May 26, 2011. *Id.*

---

[1] Plaintiff's Complaint spells Defendant's name "Legetti" or "Legeti." Defendant's own filings, however, spell the name "Legatie." The Court will accept the Defendant's spelling and will use it throughout this opinion.

[2] For purposes of deciding a defendant's motion to dismiss, the Court accepts as true the factual allegations set forth in a plaintiff's complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Thereafter, on January 25th, 2012, Plaintiff was driving on a New Jersey highway when he was stopped by state patrolman Defendant Legatie. *Id.* at ¶ 3. Defendant Legatie arrested Plaintiff pursuant to a bench warrant that had been issued by Defendant Farrell, a New Jersey Superior Court Judge. Legatie Statement of Undisputed Mat. Facts ¶¶ 4-5.

At times unspecified, Plaintiff filed a "Demand for Proof of Jurisdiction" with the New Jersey Superior Court. Amended Compl. ¶ 2. In addition, he filed an "Oath and Affirmation to the sovereign people on this land known as North America and all fifty united states" with the same court. *Id.* at ¶ 2. Finally, he filed an "Order for Freedom" with Defendant Charles Miller, Sheriff for Salem County. *Id.* at ¶ 4. None of these filings garnered a response.

On February 16, 2012, Plaintiff filed suit in this Court, alleging that Defendants had deprived him of his civil rights in violation of the federal criminal statute 18 U.S.C. § 242 (2006).[3] The instant motions to dismiss and for summary judgment followed, the first being filed by Defendant Charles Miller on March 19, 2012 (Doc. No. 10) and the last by Defendant Lisa Cummings on November 1, 2012 (Doc. No. 62).

## II.     DISCUSSION AND ANALYSIS

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Where, as here, a complaining party comes to this Court *pro se*, the Court must construe the complaint liberally in that plaintiff's favor. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). In such cases, the Court must "accept as true all of the allegations in the complaint and all

---

[3] Of course, a Plaintiff may not generally rely on a *criminal* statute as a basis for asserting a *civil* liability claim. However, recognizing its duty to construe a *pro se* complaint liberally in the plaintiff's favor, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Court will consider each of his claims as if they were asserted under 42 U.S.C. § 1983 (2006), which creates a federal civil cause of action for deprivation of a person's civil rights under color of state law.

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Seen in this light, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).[4] Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

 *i. Defendant Charles Miller* (Doc. No. 10)

Defendant Charles Miller acknowledges that as Sheriff of Salem County, he held Plaintiff in custody at the county correctional facility starting January 25, 2012. Def. Miller's Br. in Support of Mot. to Dismiss 6 (Doc. No. 10). But, Defendant continues, he took such action pursuant to a court order issued by Defendant Judge Farrell. *Id.* Under these circumstances, the Court is inclined to conclude that Defendant Charles Miller is entitled to the sort of quasi-judicial

---

[4] Even under the liberal pleading standards afforded a *pro se* plaintiff, the Court need not credit such a party's "bald assertions" or "legal conclusions." *Haines,* 404 U.S. at 520-21; *Day,* 969 F.2d at 42.

absolute immunity from suit that this and other Circuits have accorded officials acting pursuant to a facially valid court order. *See Bickel v. Disantis*, No. 11-3819, 2012 WL 5279245 (3d Cir. Oct. 26, 2012) (finding no basis to challenge magistrate judge's finding that court official enjoyed absolute immunity from suit when his complained of actions were taken pursuant to a facially valid court order) (citing *Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003); *see generally Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993) (recognizing that courts have consistently found officials are entitled to absolute immunity for actions taken to execute a facially valid court order) (citing *Rogers v. Bruntrager,* 841 F.2d 853 (8th Cir.1988) (court clerk); *Tymiak v. Omodt,* 676 F.2d 306, 308 (8th Cir.1982) (sheriff); *Valdez v. City & County of Denver,* 878 F.2d 1285, 1290 (10th Cir.1989) (sheriffs); *Coverdell v. Department of Social & Health Servs.,* 834 F.2d 758, 764-65 (9th Cir.1987); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238-40 (7th Cir.1986); *Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) (court clerk); *Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir.1980) (sheriff); *Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno,* 547 F.2d 1, 3 (1st Cir.1976) (receiver); *Hazo v. Geltz,* 537 F.2d 747, 750 (3d Cir.1976) (official); *Waits v. McGowan,* 516 F.2d 203, 206 & n. 6 (3d Cir.1975) (police officers); *Fowler v. Alexander,* 478 F.2d 694, 696 (4th Cir.1973) (sheriff and jailor); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir.), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969) (public official)). Thus, because he held Plaintiff in the Salem County jail pursuant to Defendant Judge Farrell's facially valid bench warrant, Defendant Charles Miller is absolutely immune from civil liability arising out of this act. Accordingly, his motion to dismiss will be granted.

    *ii. Tom DeSimone* (Doc. No. 12)

Defendant DeSimone was the Salem County prosecutor assigned to prosecute an

indictment that had been returned against Plaintiff on May 18, 2011.  Def. DeSimone's Br. in Support of Mot. to Dismiss 4.  It was Plaintiff's failure to show up to the January 23, 2012 hearing on the indictment that caused Defendant Judge Farrell to issue the bench warrant that eventually resulted in Plaintiff's arrest on January 25, 2012 by Defendant officer Legatie.  Plaintiff's sole allegation concerning Defendant DeSimone was that he "violated [Plaintiff's] unalienable Right to witness the . . . [January 23] proceeding . . . by threatening [Plaintiff's] three (3) witnesses . . . with incarceration."  Compl. ¶ 7.

Even accepting Plaintiff's allegations as true, as the Court is bound to do on a defendant's motion to dismiss, Plaintiff's claim cannot proceed because Defendant DeSimone was acting in his prosecutorial capacity when he encountered Plaintiff's witnesses.  That is, he interacted with them at the Salem County courthouse as part of his preparation for the hearing on the indictment against Plaintiff.  Thus, he is entitled to absolute immunity from a suit for money damages based on these actions.  *See Imber v. Pachtman*, 424 U.S. 409, 424-27 (1976) (prosecutor immune from section 1983 suit for acts taken in the course of his prosecutorial duties).[5]  Accordingly, Defendant DeSimone's motion to dismiss will be granted.

    *iii.*    *Timothy Farrell, Don Miller, Scott Volk* (Doc. No. 31)

Defendant Timothy Farrell is a judge on the New Jersey Superior Court for Salem County who heard a criminal case involving Plaintiff.  Defs. Farrell, Miller, Volk's Br. in Support of Mot. to Dismiss 9.  Defendants Don Miller and Scott Volk are both employees of the Superior Court of New Jersey, Law Division, Criminal Part, Salem county.  *Id.* at 1.

---

[5] It bears mention that the Supreme Court's opinion in *Imbler* specifically notes that absolute prosecutorial immunity will not extend to criminal prosecutions against public officials for willful deprivations of constitutional rights. *Imbler*, 424 U.S. at 429.  In this context, the Court specifically mentions 18 U.S.C. § 242, the precise statute that Plaintiff invokes in his Complaint.  However, as the Court noted earlier, it is clear that Plaintiff is not privileged to rely on a criminal statute as a basis for maintaining a civil suit seeking money damages against Defendant DeSimone and others.  Thus, Plaintiff cannot rely on the dictum of *Imbler* to get around the absolute immunity that a prosecutor enjoys against suits for money damages arising out of acts the prosecutor took in his prosecutorial capacity.

5

Nowhere in the eight paragraphs of his complaint does Plaintiff make mention of Defendants Timothy Farrell, Don Miller, or Scott Volk.  This alone should suffice to grant these Defendants' joint motion to dismiss.  Alternatively, to the extent that Plaintiff's action against Defendant Farrell concerns any of the rulings Judge Farrell made on the New Jersey Superior Court for Salem County, Judge Farrell is absolutely immune from a private suit for money damages.  *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991) (citing "a long line of [Supreme Court] precedents acknowledge[ing] that, generally, a judge is immune from a suit for money damages").  Finally, for the reasons stated above in subsection *i*, to the extent that Defendants Miller and Volk took action pursuant to a facially valid court order that resulted in some sort of alleged harm to Plaintiff, both Miller and Volk are entitled to quasi-judicial absolute immunity from suit for money damages.  *See Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003).

> iv. *Allen Cummings, Jason Efelis, Michael Gibison, John Jordan, Harry Wariwanchik* (Doc. No. 41)

Defendants Michael Gibison, Jason Efelis, and Harry Wariwanchik are police officers who arrested Plaintiff on March 23, 2011.  Compl. ¶ 6.  Plaintiff states that his "Rights were violated" when these officers "forcibly remov[ed]" him from his automobile.  *Id.*   Without any other allegations, however, Plaintiff has failed to state sufficient facts that give rise to a plausible claim that he suffered any violation of his constitutional rights.  *See Iqbal* 556 U.S. at 677.  Accordingly, these Defendant's motions to dismiss will be granted.

Defendant Allen Cummings is also a police officer, while Defendant John Jordan is a judge.  Plaintiff's complaint does not contain a single factual allegation describing what conduct

either of these persons engaged in that in any way affected Plaintiff.[6] Thus, their motions to dismiss will be granted.

       *v.*     *Lisa Cummings, Kara Efelis, Stephanie Gibison, Lois Jordan* (Doc. No. 62)

Defendants Lisa Cummings, Kara Efelis, Stephanie Gibison are the wives of the police officers Allen Cummings, Jason Efelis, and Michael Gibison. Def. L. Cummings et al.'s Br. in Support of Mot. to Dismiss 1. Defendant Lois Jordan is the wife of Defendant Judge John Jordan. *Id.* Plaintiff's complaint makes no factual allegations against any of these four defendants. Thus, Plaintiff's claims against these Defendants will be dismissed.

## B. Motion for Summary Judgment

Finally, Defendant Michael Legatie has moved for summary judgment in this matter. Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by 'showing' – that is, pointing out to the district

---

[6] In addition, to the extent that Plaintiff alleged facts involving actions Defendant Jordan took in his judicial capacity, Defendant Jordan would be absolutely immune from a private suit for money damages. *See Mireles v. Waco*, 502 U.S. 9 (1991).

7

court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 Fed. Appx. 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. *BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

In his complaint, Plaintiff alleges that, as he was driving on New Jersey highways, he was detained Defendant Legatie. Compl. ¶ 3. Defendant Legatie responds that he did in fact stop Plaintiff for an unrelated traffic violation as he was driving along Interstate 295 in New Jersey on January 23, 2012. Def.'s Br. in Support of Mot. for Summary Judgment 1. He further explains that upon examining the National Crime Information Center database, he learned that

there was an outstanding bench warrant for Plaintiff's arrest. *Id.* Therefore, Defendant Legatie arrested Plaintiff. *Id.*

Again, the Court notes that Plaintiff's complaint fails to describe any proper legal basis for civil relief against Defendant Legatie and others. However, in his response to Defendant's summary judgment motion, Plaintiff does make reference to a federal statute which could conceivably provide a basis for a valid claim. Specifically, he alleges that Defendant Legatie violated 42 U.S.C. § 1985(2) (2006), involving a conspiracy to interfere with civil rights.

However, for the same reasons stated above in subsection II.A.*i*, Defendant Legatie enjoys absolute immunity in this case. The conduct of which Plaintiff complains arose out of Defendant Legatie's official duties performed pursuant to a facially valid court order: that is, he detained Plaintiff because a judge had issued a warrant for his arrest. Under these circumstances, Defendant Legatie's motion for summary judgment must be granted because he is immune from suit. *See Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003).

### III.   CONCLUSION

For the reasons stated above, the Court will grant all of Defendants' pending motions to dismiss (Doc. Nos. 10, 12, 31, 41, and 62) as well as Defendant Legatie's motion for summary judgment (Doc. No. 38). The Court will issue an appropriate order.

Dated:   12/17/2012                                              /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge

9